IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SMITH'S READY MIX, INC.                                              PLAINTIFF

V.                        CASE NO. 4:18-CV-04014

LIBERTY MUTUAL INSURANCE COMPANY                                    DEFENDANT

## ORDER

Before the Court is a Motion to Intervene filed by Robertson Contractors, Inc. ("Robertson"). ECF No. 10. Plaintiff has filed a response. ECF No. 12. Robertson has filed a reply. ECF No. 18. The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff filed the instant case in the Circuit Court of Howard County, Arkansas, on October 19, 2017. ECF No. 3. This matter was subsequently removed to this Court on January 23, 2018, on the basis of diversity jurisdiction. ECF No. 1. In its complaint, Plaintiff alleges that on or about December 11, 2014, it entered into a subcontract with Robertson whereby Plaintiff would supply Robertson with materials to be used in the completion of a construction project for the Arkansas Highway and Transportation Department ("AHTD") by Robertson. ECF No. 3, ¶ 5. Plaintiff claims that Defendant acted as surety for Robertson and that on or about January 23, 2015, Defendant and Robertson executed and delivered a payment bond to the State of Arkansas. ECF No. 3, ¶ 6. Plaintiff states that this bond was for the use and benefit of the Arkansas State Highway Commission ("ASHC") and certain third parties—including Plaintiff—and that under the terms of the bond Defendant and Robertson were bound to pay claims of parties furnishing labor and

materials for the construction project. *Id*. Plaintiff asserts that it supplied Robertson with $301,903.81 worth of materials and that Robertson has only paid Plaintiff $227,061.25. ECF No. 3, ¶ 7. Plaintiff claims that it has demanded payment from Defendant and Robertson, but that those demands have been refused. ECF No. 3, ¶ 10.

Plaintiff further alleges that it entered into a second subcontract with Robertson on or about March 3, 2016, wherein it agreed to provide materials to be used by Robertson in completing another construction project for the AHTD. ECF No. 3, ¶ 15. Plaintiff claims that, in connection with this second project, Defendant and Robertson—as surety and principal, respectively—executed and delivered another payment bond to the State of Arkansas. ECF No. 3, ¶ 16. Plaintiff states that this bond was for the use and benefit of the ASHC and certain third parties—including Plaintiff—and that under the terms of the bond Defendant and Robertson were bound to pay claims of parties furnishing labor and materials for the construction project. *Id*. Plaintiff asserts that it has provided supplies worth $33,939.00 under this subcontract and has only been paid $28,821.12. ECF No. 3, ¶ 17. Plaintiff claims that it has demanded payment for the remaining amounts from Defendant and Robertson, but that those demands have not been met. ECF No. 3, ¶ 20. Plaintiff seeks judgement against Defendant for $79,957.44 along with a twelve percent penalty, pre-judgment and post-judgment interest, and fees and costs.

Robertson filed the instant Motion to Intervene on August 29, 2018. ECF No. 10. Robertson argues that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure ("FRCP") 24(a). Likewise, Robertson asserts that permissive intervention is proper under FRCP 24(b). Robertson claims that some of the materials provided under the relevant subcontracts were not in compliance with the terms, conditions, plans and specifications required by the ASHC. ECF No. 10, p. 1. Robertson further states that due to the deficiency of the materials

provided by Plaintiff, it was required to remove the non-compliant materials and replace them with the correct materials. Robertson asserts that it suffered significant costs and expenses in removing and replacing the deficient materials provided by Plaintiff. In response, Plaintiff asserts that the instant motion is untimely and that, therefore, intervention should not be allowed. Plaintiff further argues that if the Court allows intervention, it should continue the trial date and issue a new final scheduling order.

## DISCUSSION

The Court will first address whether intervention is proper under FRCP 24(a). The Court will then determine whether intervention is permissible pursuant to FRCP 24(b).

### I. Intervention as a Matter of Right

Rule 24(a) provides, in relevant part, that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To intervene pursuant to Rule 24(a)(2), the party seeking to intervene must establish that: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel. Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Furthermore, under Eighth Circuit precedent, a party who seeks to intervene as a matter of right must also have standing to sue under Article III of the Constitution. *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 920 (8th Cir. 2015) ("In this circuit, prospective

intervenors must satisfy both the requirements of Rule 24(a) and Article III standing to intervene as of right."); *U.S. v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). To establish standing, Robertson must establish that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016). In determining whether a potential intervenor has standing and whether he has satisfied the conditions of Rule 24(a)(2), a court looks to the motion for leave to intervene and the attached pleading and, "absent sham or frivolity, accepts the non-conclusory allegations in those pleadings as true." *Id*. The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (quoting *South Dakota ex rel. Barnett*, 317 F.3d at 785).

As noted above, Robertson asserts that it is entitled to intervene as a matter of right. In response, Plaintiff relies on the argument that the instant motion is untimely, failing to offer argument as to any of the relevant factors outlined in Rule 24(a).

**A. Standing**

To begin, the Court will first determine whether Robertson has the requisite standing.[1] Upon review of the instant motion and the accompanying Complaint in Intervention, the Court is satisfied that Robertson has standing. In the brief in support of its Motion to Intervene, Robertson asserts that Plaintiff failed to deliver appropriate materials for the above-discussed construction

---

[1] The Court notes that Robertson does not explicitly argue this issue. However, the Court will examine the instant motion along with Robertson's Complaint for Intervention—attached as Exhibit B to the motion before the Court—to determine whether Robertson has standing.

projects.[2] ECF No. 11, p. 1. Robertson further claims that due to Plaintiff's failure to deliver the correct materials, it was required to remove and replace the non-compliant materials and to bear the costs and expenses of the removal and replacement. *Id.*; ECF No. 10, p. 18, ¶ 18. In accordance with these allegations, Robertson claims that its damages exceed $1,927,000.00. ECF No. 10, p. 22, ¶ 56. Therefore, Robertson seeks recovery of this and other related amounts from Plaintiff. Specifically, Robertson alleges causes of action for breach of contract, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, breach of express warranty, and negligence.

Thus, upon review, it is clear that Robertson alleges that it suffered an actual injury—namely, having to remove and replace the non-compliant materials—that is fairly traceable to Plaintiff's failure to deliver the correct materials, and that the alleged injury can be redressed by a favorable decision awarding damages to compensate Robertson for its alleged losses. Accordingly, the Court finds that Robertson has standing.

### B. Requirements of Rule 24(a)(2)

The Court now turns to the issue of whether Rule 24(a)(2) has been satisfied.

#### i. Timeliness

As stated above, Rule 24(a)(2) requires that a motion to intervene be "timely" filed. "The timeliness of a motion to intervene is based on all the circumstances, including: '(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether

---

[2] Notwithstanding this assertion, in its Complaint for Intervention, Robertson claims that Plaintiff delivered non-compliant materials in regard to only one of the construction projects—Job 070240. *See* ECF No. 12, p. 15, ¶¶ 1, 10, 11, 22.

the delay in seeking intervention may prejudice the existing parties.'" *U.S. Bank Nat. Ass'n v. State Farm Fire & Cas. Co.*, 785 F.3d 867, 869 (8th Cir. 2014) (quoting *ACLU of Minn. v. Tariq ibn Ziyad Academy*, 643 F.3d 1088, 1094 (8th Cir. 2011)); *see Tweedle*, 527 F.3d at 671 (Courts deciding timeliness must "consider all surrounding circumstances, but especially the stage of the litigation, the reason for the delay in seeking intervention, and any possible prejudice to the parties already in the litigation.") (citing *Jenkins v. Mo.*, 78 F.3d 1270, 1273-74 (8th Cir. 1996)). "The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *Union Elec. Co.*, 64 F.3d at 1159.

In its response, Plaintiff asserts that the present motion is untimely. In support of this position, Plaintiff states that Robertson has been aware of Plaintiff's claims and this case since it was originally filed in state court on October 19, 2017, but has "waited until 60 days before the discovery deadline to assert a $1.9 million claim against Plaintiff." ECF No. 13, p. 2. Plaintiff further asserts that, if the instant motion is granted and the Court does not continue the trial and associated discovery dates, Plaintiff would be prejudiced by having to defend against significant claims with "virtually no discovery or Rule 26 disclosure." *Id*. at p. 2.

In its response, Robertson concedes that it has known about the present case for "some time." ECF No. 18, p. 1. However, Robertson states that it has related claims currently before the Arkansas Claims Commission (the "Commission") and believed that the outcome of those claims would help resolve this case. Accordingly, Robertson felt that the Commission case should proceed to its conclusion. However, Robertson asserts that in June 2018, the Commission issued an order holding Robertson's claims in abeyance until Robertson "exhaust[ed] its possible remedies against Smith's Ready Mix, Inc." and the instant case is resolved. *See* ECF No. 18-2. Robertson's current

counsel[3] was not aware of the Commission's decision to hold Robertson's claim in abeyance until August 14, 2018. ECF No. 18, p. 2. Robertson states that shortly thereafter, it filed the instant motion.

To begin, the Court notes that at this point the present case has been filed for over a year, but has been in this Court for about nine months. The Court further notes that the current trial setting is February 25, 2019, and the present discovery deadline is October 29, 2018. Furthermore, the Court is cognizant of the fact that since this matter has been in federal court, there has been no motion practice and little activity on the docket aside from the issuance of the Initial and Final Scheduling Orders and the filing of the parties' Joint 26(f) report. The parties do not offer explicit argument on this issue and the Court finds that this factor is neutral.

Turning to the issue of how long Robertson knew about the present action, by its own account it has been aware of the case for "some time." Accordingly, it appears that Robertson has been aware of this action for a significant amount of time, although it is unclear from the parties' briefing exactly how long. However, the Court notes that Robertson has shown that it has pursued alternative means of recovery before the Arkansas Claims Commission during that period and was under the belief—even if mistaken—that resolving that matter first was prudent. Notwithstanding that belief, the Commission has decided to hold Robertson's claims in abeyance pending the outcome of the instant case and, shortly after Robertson's current counsel learned of that decision, Robertson filed the instant motion. Accordingly, although Robertson knew of the present case for "some time," that fact—and Robertson's failure to intervene earlier—is somewhat mitigated.

---

[3] Robertson's current counsel is the same as Defendant's counsel. However, Robertson is being represented by other counsel before the Commission.

As for the issue of the reason for the delay in seeking to intervene, as discussed above, Robertson claims that it was under the belief that it would be more prudent to resolve the proceedings before the Commission before seeking to intervene in the present case. Even if this was a mistake, the Court believes it was reasonable.

Finally, in regard to whether the current parties will be prejudiced, the Court notes that Plaintiff appears to simply argue that it will be prejudiced absent a continuance of the relevant dates. Likewise, Defendant has failed to respond to the instant motion. Based on this briefing, it appears that any potential prejudice caused by delay can be remedied by continuing the current discovery and trial dates and allowing the parties to engage in further discovery.

Therefore, upon consideration of the relevant factors, the Court finds that the instant motion was timely filed.

### ii. Other Requirements of Rule 24(a)(2)

As recognized above, Robertson must also show that (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. Robertson's briefing of this issue is sparse. That being said, Robertson appears to assert that, as to the first issue, it must be allowed to intervene "so as to assure proper adjudication of the issues and recovery of [its] damages related to the material provided by [Plaintiff]" which Robertson had to remove and replace. ECF No. 11, p. 3. Likewise, in regard to the second issue, Robertson claims that a recovery by Plaintiff against Defendant on the bonds issued by Defendant "places Robertson in further jeopardy pursuant to its obligations to [Defendant]." *Id*. In making this argument, Robertson cites to Exhibit A filed with the instant motion. This exhibit is titled "General Agreement of Indemnity" and appears to require Robertson to indemnify Defendant for amounts

disbursed under the payment bonds issued by Defendant. *See* ECF No. 10, pp. 3-14. Furthermore, Robertson asserts that Defendant cannot pursue its individual claim for damages against Plaintiff. Accordingly, it appears that Robertson takes the position that Defendant would not adequately protect its interests in that it cannot pursue the same claims as Robertson against Plaintiff and, likewise, that Robertson is bound to indemnify Defendant for any losses. Plaintiff offers no argument in response to these claims.

Upon consideration, the Court finds that Robertson has a recognized interest in the subject matter of the present litigation. It appears that if Plaintiff were to prevail, Robertson may be liable to Defendant pursuant to the General Agreement of Indemnity between Robertson and Defendant. Furthermore, Robertson claims that it can pursue claims against Plaintiff that Defendant cannot. As for the second issue, the Court believes Robertson's interest may be impaired by the disposition of the case as Robertson may be required to indemnify Defendant if the case settles or a judgment is entered requiring Defendant to pay Plaintiff. Finally, in regard to the third factor, the Court is satisfied that Defendant will not adequately protect Robertson's interest by virtue of the fact that Robertson may be liable to Defendant for payments issued under the payment bond. Moreover, Robertson contends that it can pursue claims which Defendant cannot pursue.

Accordingly, for the foregoing reasons, the Court finds that Robertson has satisfied the requirements of Rule 24(a)(2) and that it is entitled to intervention as a matter of right.

## II. Permissive Intervention

Rule 24(b) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b) further states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the

adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Generally, "parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966-67 (8th Cir. 2015) (citing *Union Elec. Co.,* 64 F.3d at 1170 n.9).

In the present case, in regard to the first factor, Robertson asserts that it is a Missouri corporation, that Plaintiff is an Arkansas corporation, and that Defendant is a "foreign insurance company with a principal address in Boston, Massachusetts." ECF No. 11, p. 4. Likewise, Robertson notes that its claim is for far more than $75,000. Accordingly, Robertson contends that there is an independent basis for jurisdiction—presumably based on diversity. Plaintiff does not respond to these assertions or otherwise argue that this Court lacks an independent basis for jurisdiction. Accordingly, upon consideration, the Court is satisfied that there is complete diversity of parties and that the amount in controversy is more than $75,000, thereby giving this Court an independent ground for jurisdiction pursuant to 28 U.S.C. § 1332.

As for the second factor, the Court has already found that the instant motion was timely filed. Accordingly, this factor has been satisfied.

Turning to the third factor, Robertson asserts that the factual and legal issues between Plaintiff and Robertson as to the allegedly non-complaint materials provided for the above-identified construction projects are intertwined with Plaintiff's efforts to recover money owed to it by Robertson through Defendant. Plaintiff, again, does not offer any argument in response to Robertson's claims on this point. Upon consideration, the Court is satisfied that Robertson's claims involve common questions with the present case including, but not limited to, whether Plaintiff

delivered non-compliant materials to Robertson and thereby breached the relevant contracts and the effect of the alleged breaches on the parties' rights and duties under the contracts.

Therefore, for the foregoing reasons, the Court finds that permissive intervention is proper pursuant to Rule 24(b).

## CONCLUSION

For the above-discussed reasons, the Court finds that Robertson's Motion to Intervene (ECF No. 10) should be and hereby is **GRANTED**. Furthermore, the Court finds that it is proper to cancel the pending trial date and lift the deadlines outlined in the Final Scheduling Order. A new Final Scheduling Order will be entered to allow the parties the opportunity to conduct discovery and prepare for trial.

**IT IS SO ORDERED**, this 9th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge